YARRUT, Judge.
Plaintiff, a mutual life insurance company, sued to recover from Defendant $1,-308.45, less $106.40 credit for premiums paid, the amount paid Defendant under its hospitalization and surgical policy before discovering that Defendant made false representations or withheld information in his application for the insurance which, had Plaintiff known, it would not have issued the policy.
Defendant denied all allegations of fraud and misrepresentation, and moved for the dismissal of Plaintiff’s suit on the ground it was brought more than two years after the issuance of the policy, and Plaintiff is barred by the two-year period unless fraud is charged, which Plaintiff failed to plead.
The allegations of fraud as alleged are: that Defendant’s answers on said application are incomplete and erroneous, and, while not limiting the aforesaid, that Defendant’s answer to Question (6) is in error, and that such error is material to the nature of the contract; that, had the information requested in the aforesaid Question (6) been correctly set out, Plaintiff would not have issued its policy; that there was, as of the date of said application, hospital or surgical insurance in force other than that set out in Defendant’s answer to the aforesaid Question (6).
Question (6) reads: “ * * * what hospital or surgical insurance is in force on you or dependents named in Question 4? (name of Company and amounts).” Defendant’s only disclosure was “White Cross Hospitalization.”
The policy provides:
“After two years from the date of issue of this policy, no misstatements, except fraudulent misstatements, made by the applicant in the application for such policy shall be used to void the policy or to deny a claim for loss incurred after the expiration of such two year period.”
Motion for summary judgment by Defendant on the ground the policy had been in effect over two years when Plaintiff brought this suit, which policy contained the uncontestable clause fixing two years for claiming failure to disclose information in the application, except in case of fraudulent misstatements, was overruled and the case tried before a jury. The jury brought in a verdict (9 to 3) for Plaintiff as prayed, which the court approved and made the judgment of the court.
Defendant objected to the judge’s charge to the jury, but we find no error in that respect. After first instructing the jury as to their duty, and that they must find the facts from the witnesses, to which they must apply the law as explained to them by the court, the court concluded:
“On the other hand, the Pan American Insurance Company has the burden of *401 proving that the policy was obtained through error resulting from fraud in that the application made by Mr. Man-cuso did not contain the true situation relative to either or both of the following: One, Mr. Mancuso’s state of health on the date of application * * * and, two, other equivalent types of insurance as the type written by Pan American Insurance Company, had by Mr. Mancuso at the date of application for the insurance with Pan American Insurance Company. If you find that the actual state of affairs, relative to other insurance in effect at the time of the application and/or Mr. Mancuso’s state of health as of the date of application, was not disclosed to the company by Mr. Mancuso in its entirety for application of insurance, you must then determine the materiality of the controversial answers given to the questions contained in the application of insurance. You must ascertain whether responsible, careful and intelligent insurance underwriters would have recommended insurance at the customary and ordinary premium rate, they knowing the actual state of affairs from the answers to the questions contained in the application for insurance relative to other insurance coverage and/or his state of health as of the date of application.
:¡c ‡ # ^ ‡ J¡<
“Gentlemen of the Jury, I will further explain the law of fraud in this fashion to you: Fraud, as applied to contract, is the cause of an error bearing on a material part of the contract, created or continued by artifice, that is, either an assertion of what is false, or a suppression of what is true, with design to obtain some unjust advantages to the one party, or to cause an inconvenience or loss to the other.
“The error spoken of in that definition must be on a material part of the contract, that is to say, such part as may be reasonably presumed to have influenced the party in making it.”
Plaintiff-Appellee has fully carried the burden of proving fraud perpetrated against it by Defendant-Appellant. No less than five doctors testified that they had rendered professional service to the Defendant. Dr. Gene L. Usdin testified that the Defendant was under his care from January 4, 1960 until January of 1962 which was a period before and after he applied for insurance on August 16, 1961, yet Defendant failed to disclose this fact in his application.
Further, Defendant was collecting benefits from no less than four insurance companies at the same time, all of which was withheld from Plaintiff.
Article 1832 of the Revised Civil Code states:
“In all cases, however, when the information, which would have destroyed the error, has been withheld by the other party to the contract, it comes under the head of fraud, and invalidates the contract.”
Allegation #5 of Plaintiff’s petition alleges a specific omission and allegation #3 alleges that the application is incomplete and erroneous.
LSA-C.C.P. art. 856 establishes the rule for pleading fraud or mistake, as follows:
“In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity. Malice, intent, knowledge, and other condition of mind of a person may be alleged generally.”
And LSA-C.C.P. art. 5053 distinguishes the words “shall” and “may,” viz:
“The word ‘shall’ is mandatory, and the word ‘may’ is permissive.”
We find no error in the district judge’s charge to the jury, nor in the verdict of the jury, and affirm the jury verdict and judgment of the district court; Defendant-Appellant to pay all costs in both courts.
Judgment affirmed.